# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| COOKTEK INDUCTION SYSTEMS, LLC, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:15-cv-548-ALM |
| | § | Judge Mazzant |
| I/O CONTROLS CORPORATION, PANDA | § | |
| RESTRAURANT GROUP, INC., and PANDA | § | |
| EXPRESS, INC., | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendants I/O Controls Corporation, Panda Restaurant Group, Inc., and Panda Express, Inc.'s ("Defendants") Motion to Transfer to the Central District of California (Dkt. #48). After reviewing the relevant briefing and materials, the Court finds that the motion is denied.

## BACKGROUND

Plaintiff filed suit against Defendants, asserting patent infringement of U.S. Patent No. 9,066,374 entitled "Induction-Based Food Holding/Warming System and Method" on August 13, 2015 (Dkt. #1). Plaintiff is a Delaware limited liability company (Dkt. #41 at p. 2). Plaintiff was originally located in Chicago, Illinois, but as of November 19, 2015, Plaintiff physically relocated its headquarters and sole office to Carrollton, Texas after merging with its affiliate TurboChef Technologies, Inc. (Dkt. #51 at p. 2). CookTek's decision to merge and relocate was finalized as early as July 22, 2015 (Dkt. #51 at p. 2). Defendant I/O Controls is a corporation organized and existing under the laws of the State of California, with its headquarters and principal place of business located in Azusa, California (Dkt. #41 at p. 2). Defendant I/O Controls maintains a sales office and a registered agent in the State of Texas (Dkt. #41 at p. 2-3). Defendant Panda Restaurant Group ("Panda Group") is a corporation organized and existing

under the laws of the State of California, with its principal place of business in Rosemead, California (Dkt. #41 at p. 3). Defendant Panda Express is a wholly-subsidiary of Panda Restaurant Group (Dkt. #41 at p. 3). Defendant Panda Express is a corporation organized and existing under the laws of the State of California, with its principal place of business in Rosemead, California, and maintains a registered agent in Texas (Dkt. #41 at p. 3).

Defendants filed the present motion to change venue on May 13, 2016 (Dkt. #48). Plaintiff filed a response on May 23, 2016 (Dkt. #51). Defendants filed a reply brief on June 1, 2016 (Dkt. #53). Plaintiff filed a sur-reply on June 9, 2016 (Dkt. #56).

## LEGAL STANDARD

Defendants move to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a), which permits a district court to transfer any civil case "[f]or the convenience of *parties* and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of 28 U.S.C. § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). As transfer of venue is not a matter of substantive patent law, case law from the Court of Appeals for the Fifth Circuit governs this motion. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been

filed," or whether all parties have consented to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter "Volkswagen I"]. Once that threshold inquiry is met, the Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) [hereinafter "Volkswagen II"]. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

The party seeking transfer of venue must show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315. The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id*. The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Id.* at 313 & 314 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315.

## ANALYSIS

The first, threshold issue that the Court must determine is whether the suit could have been filed originally in the destination venue. *Volkswagen II*, 545 F.3d at 312. Defendants argue, and Plaintiff does not contest (Dkt. #51 at p. 2 n. 2), that, in accordance with 28 U.S.C. § 1400(b), this suit could have been brought originally in the Central District of California because Defendants are California corporations with their headquarters located in the district (Dkt. #48 at p. 5). The Court agrees, noting that venue would have been proper as Defendants are incorporated in California and their principal place of business is located in the Central District of California. *See* 28 U.S.C. § 1391(d).

The question, therefore, is whether Defendants have met their burden to demonstrate whether the Central District of California is a "clearly more convenient" forum than the present judicial district.

### A. Public Interest Factors

The Fifth Circuit applies four non-exclusive public interest factors in determining a § 1404(a) venue transfer question: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or the application of foreign law.

*1. The administrative difficulties flowing from court congestion*

In considering this factor, the speed with which a case can come to trial and be resolved may be a factor. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (citing *Gates Learjet Corp. v. Jenson*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("[T]he real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court

because of its less crowded docket.")). The Federal Circuit has noted that this factor appears to be the most speculative, and case-disposition statistics may not always tell the whole story. *Id.*

The most recent statistics obtained by this Court for the 12-month period ending in March 31, 2016, indicate that the median time from filing to trial in civil cases in the Eastern District of Texas was 20.9 months, as compared to 20.2 months in the Central District of California.[1] There is little difference in the median amount of time in which this case can come to trial and/or be resolved in either district. The Court finds that this factor is neutral.

*2. The local interest in having localized interests decided at home*

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Affinity Labs of Texas v. Samsung Electronics Co., Ltd.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013) (citing *Volkswagen I*, 371 F.3d at 206). The mere sale of "several" or "some" of the allegedly infringing products in a given district is not enough to shift this factor in favor of one party. *See In re TS Tech USA Corp*, 551 F.3d 1315, 1321 (Fed. Cir. 2008).

Defendants contend that the Eastern District of Texas does not have a strong interest in this case because it has no "significant connections to Texas" (Dkt. #48 at p. 11). The Court disagrees. Because Plaintiff is located in Texas, and the owner of the patent at issue, this case does have a significant connection to this district. *See iFly Holdings LLC v. Indoor Skydiving Germany GMBH*, 2015 WL 5909729, at *5 (E.D. Tex. Oct. 7, 2015) ("Texas residents have a strong interest in deciding a patent infringement dispute involving a patent owned by a Texas company."). Although Plaintiff did not have its offices in Texas until November 19, 2015 (Dkt.

---

[1] *See* Federal Court Management Statistics, March 2016, http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2016/03/31-1, accessed July 11, 2016.

5

#41), as early as July 22, 2015, the decision for Plaintiff to consolidate with Turbochef and relocate to Carrolton, Texas was reported to Defendant Panda Express (Dkt. #51 at p. 2.). It appears to the Court that Defendants insinuate that Plaintiff relocated to Texas in an attempt to manufacture venue. Prior to the initiation of this lawsuit, however, Plaintiff had intent to merge and relocate with its affiliate, Turbochef (Dkt. #51 at p. 2). Although Plaintiff did not physically relocate to Texas until after the commencement of this lawsuit, Defendants have not demonstrated that Plaintiff's physical relocation after the initiation of this suit was an attempt to manufacture venue. *See Core Wireless Licensing S.a.r.l. v. LG Elecs. Inc.*, 2015 WL 5143395, at *5 n. 6 (E.D. Tex. Sept. 1, 2015) (finding that information located in Texas need not be discounted from the transfer analysis because "Defendants have failed to provide evidence to support their allegations that [plaintiff] purposefully transplanted documents to manufacture venue").

Although Texas residents would have an interest in the outcome of this case because the patent owner is a Texas company, a local interest exists in California as well because Defendants are California companies (Dkt. #41 at pp. 2-3). However, because the patent-in-suit is owned by a Texas company, the Court finds that this factor weighs slightly against transfer.

   *3. The familiarity of the forum with the law that will govern the case*

The parties do not dispute that both courts are familiar with the relevant law. This case arises under federal patent law, with which both districts are familiar and able to apply appropriately. The Court finds that this factor is neutral.

   *4. The avoidance of unnecessary problems in conflict of laws*

As this is a patent case arising under federal law, there are no issues relating to conflict of laws. The Court agrees with the parties that this factor is neutral.

**B. The Private Interest Factors**

The Fifth Circuit also considers four non-exclusive "private" factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of willing witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. *Volkswagen II*, 545 F.3d at 315.

*1. The relative ease of access to sources of proof*

The first private interest factor is the relative ease of access to the sources of proof. *Volkswagen I*, 371 F.3d at 203. "The Fifth Circuit has cautioned that this factor remains relevant despite technological advances having made electronic document production commonplace." *DataQuil, Ltd. v. Apple Inc.*, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014) (citing *Volkswagen II*, 545 F.3d at 316). "The Federal Circuit has observed that '[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer, and therefore the location of the defendant's documents tends to be the more convenient venue.'" *Id.* (citing *Genentech*, 566 F.3d at 1345). However, where evidence is dispersed across venues, this private interest factor will be neutral. *Principal Tech. Eng'g, Inc. v. SMI Cos.*, 2009 WL 4730609, at *5 (E.D. Tex. Nov. 12, 2009) (Mazzant, then-Mag. J.) (finding that this factor is neutral because "all of the documents and physical evidence are not located in and around the destination venue"). Thus, the Court will consider the location of the relevant documents at issue.

Defendants argue that the bulk of the relevant documents is located in the Central District of California (Dkt. #48 at p. 2). Specifically, Defendants argue that the Central District of California is proper for three main reasons. First, the Central District of California is the location of the witnesses knowledgeable about the research, design, development, testing, and

specifications of the accused devices (Dkt. #48 at p. 2). Second, Defendant I/O Controls and Defendant Panda Group's employees responsible for developing, testing, and purchasing the devices reside in the Central District of California (Dkt. #48 at p. 2). Third, the I/O Controls' California headquarters and the Panda Group's offices located in the Central District of California house relevant documents reflecting the technical specification and communications between the companies (Dkt. #48 at pp. 2-3).

Undoubtedly, relevant documentation resides in the Central District of California, however, documentation also resides in Taiwan with SEF Tech, the company contracted by Defendants to develop the allegedly infringing products (Dkt. #51 at p. 6). Aside from Taiwan, Plaintiff alleges that relevant documentation may be located in Illinois with the three inventors of the patent-in-suit (Dkt. #51 at p. 7), in Lumberton, New Jersey with one of Panda's stainless steel container providers (Dkt. #51 at p. 7), and Plaintiff's own in-house documentation regarding the patent-in-suit and communications between companies is located in Carrollton, Texas (Dkt. #51 at p. 7). In addition to various documentation locals, Plaintiff's potential witnesses are located in at least three different states: Texas, Kentucky, and Missouri (Dkt. #51 at p. 7).

Although sources of proof and witnesses originate in an array of locations across this country and also in Taiwan, this Court acknowledges that a substantial amount of evidence, documentation, and witnesses will likely come from the Central District of California. This Court notes that at this early stage the relevancy of witnesses and evidence is difficult to ascertain. Therefore, this Court finds this factor to be only slightly in favor of transfer, if not neutral. *See, e.g.*, *Konami Digital Entm't Co., Ltd v. Harmonix Music Sys., Inc.*, 2009 WL 781134, at *5 (E.D. Tex. Mar. 23, 2009) ("Because the sources of proof originate from varied locations across the country and the globe, this factor is neutral.").

*2. The availability of compulsory process to secure the attendance of witnesses*

The second private interest factor is the availability of compulsory process to secure the attendance of witnesses. *Volkswagen I*, 371 F.3d at 203. A court cannot compel nonparty witnesses to travel more than 100 miles, unless it is within the same state and will not cause the witnesses to incur substantial travel expenses. FED. R. CIV. P. 45(c)(3)(A)(ii), 45(c)(3)(B)(iii). Furthermore, where both courts have subpoena power over some witnesses and not over others, the factor is considered neutral.

Defendants argue that "substantially all" third-party witnesses are located in California (Dkt. #48 at p. 8). However, only GSW Products, one of Panda's suppliers of stainless steel containers, is named specifically (Dkt. #48 at p. 8). Moreover, Plaintiff contends that other third-party witnesses reside throughout the country and are not subject to the subpoena power of either the Central District of California or the Eastern District of Texas: another stainless steel container supplier in New Jersey, SEF Tech in Taiwan, and the three patent-in-suit inventors in Illinois (Dkt. #51 at p. 9). The Court notes that the Eastern District of Texas may have subpoena power over one of the patent-in-suit inventors due to his regular business travel and contact with the State of Texas (Dkt. #51 at p. 9.). *See* FED. R. CIV. P. 45(c)(1)(B). The Court finds that this factor is neutral because, of the potential witnesses identified, one third-party-witness is subject to the subpoena power of the Central District of California, one is subject to the subpoena power of the Eastern District of Texas, and three witnesses are subject to neither court's subpoena power.

*3. The cost of attendance for willing witnesses*

The third private interest factor is the cost of attendance for willing witnesses. *Volkswagen I*, 371 F.3d at 203. In *Volkswagen II*, the Fifth Circuit noted that "[a]dditional

distance means additional travel time; additional travel time increases the time in which these fact witnesses must be away from their regular employment." *Volkswagen II*, 545 F.3d at 317. The Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. When inconvenience would exist in either potential venue, merely shifting inconvenience from one party's witnesses to the other is insufficient to affect a transfer of venue analysis. *See In re Google Inc.*, 412 F. App'x 295, 296 (Fed. Cir. 2011).

Defendants' willing witnesses are located in the Central District of California (Dkt. #48 at p. 8). Plaintiffs have identified twelve witnesses whom are employees of TurboChef and Middleby—the parent company of both TurboChef and CookTek—that reside in Texas (Dkt. #51 at p. 10). Additionally, relevant witnesses outside of both California and Texas are substantially closer to the Eastern District of Texas than to the Central District of California (Dkt. #51 at p. 11). The three patent-in-suit inventors are located in Chicago, Illinois, approximately 861 miles from Eastern District of Texas as compared to the 2,024 miles from Los Angeles (Dkt. #51 at p. 11).

The Court acknowledges that there are potential witnesses located close to both the Central District of California and the Eastern District of Texas. Further the Court acknowledges that, at this early stage, it is difficult to determine the level of relevance of particular potential witnesses. However, because transfer would inconvenience the potentially relevant witnesses residing in Illinois and because transfer is merely shifting inconvenience from Defendants' witnesses to Plaintiff's witnesses, the Court finds that this factor weighs slightly against transfer.

*4. All other practical problems that make trial easy, expeditious, and inexpensive*

The fourth private interest factor considers whether any other practical problems that make trial easy, expeditious, and inexpensive are promoted by transfer. *Volkswagen II*, 545 F.3d at 315. This case is in its early stages, and therefore, no practical problems exist that would deter this Court from transferring this litigation. Discovery has only just begun, and could easily be continued in a different forum; this Court has not previously considered any of the substantive issues; and no claim construction order has been entered. There are no practical problems that make trial easy, expeditious, or inexpensive in either forum. This factor is neutral.

## CONCLUSION

The Court finds that the second public interest factor and the third private interest factor weigh slightly against transfer while the first private interest factor weighs slightly in favor of transfer. The remaining factors are neutral. Considering all the factors, the Court finds that Defendants have failed to meet their burden of showing that the Central District of California is clearly more convenient than the current forum for this litigation.

It is therefore **ORDERED** that Defendants' Motion to Transfer to the Central District of California (Dkt. #48) is hereby **DENIED.**

**SIGNED this 2nd day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE